## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMMANUEL SOTO-MONTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-3052-JAR-GEB |
| | ) |
| CORIZON HEALTH, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on two issues: 1) appointment of counsel to represent Plaintiff; and 2) Plaintiff's (Second) Motion to Compel Screening Panel and Request to Stay Proceedings pending recommendations by the panel (**ECF No. 41**). Plaintiff presently proceeds pro se and was granted the ability to proceed *in forma pauperis* (Order, ECF No. 5). For the reasons stated below, counsel is appointed to represent Plaintiff; his Motion to Compel Screening Panel is **GRANTED in part and DENIED in part**; and his request to stay the case is **GRANTED in part and DENIED in part**. Additionally, as outlined below, this case is temporarily stayed pending the parties' briefing on the issue of jurisdiction.

### I.     Background

Plaintiff Emmanuel Soto-Montes is currently incarcerated at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. He filed this case claiming he received inadequate medical care at EDCF. Plaintiff made claims against six defendants:

Corizon Health, Inc.[1] ("Corizon"), the contracted medical provider for EDCF; Travis Nickelson, NP[2]; Deanna Morris, LPN; James Heimgartner, the warden of EDCF; Ray Roberts, the former Secretary of the Kansas Department of Corrections ("KDOC"); Dr. Basheer A. Sayeed; and Dr. Gordon Harrod.

The facts underlying Plaintiff's claims have been thoroughly outlined in a previous order (ECF No. 10, at 2-5) and will not be repeated. Generally, he alleges he suffered multiple bouts of severe abdominal pain from January 2015 through February 2016, which were not properly treated or diagnosed.

Although the Court initially found his Complaint failed to state a claim upon which relief could be granted (Order, ECF No. 7), he was ordered to amend his pleading. His Amended Complaint contained claims for relief under: 1) 42 U.S.C. §§ 1983, 1985, and 1986; 2) K.S.A. § 65-4901 *et seq*.; 3) the Kansas Tort Claims Act; 4) the Eighth and Fourteenth Amendments to the Constitution; 5) Article Five of the Universal Declaration of Human Rights; and 6) common law provisions protecting against medical malpractice, battery, mistreatment of a confined person, breach of fiduciary duty and breach of contract. (*See* ECF No. 8; ECF No. 10, at 1-2.) On September 2, 2016, the Court dismissed Plaintiff's federal claims and the Universal Declaration of Human Rights claims against all Defendants, and dismissed defendants Roberts and Heimgartner.

---

[1] Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 8) name "Corizon, Inc." as a defendant. However, defendant's Answer (ECF No. 22) clarifies the proper party name is "Corizon Health, Inc." The court also notes this defendant's later Response (ECF No. 42) refers to itself as "Corizon LLC." The court will refer to this defendant as "Corizon Health, Inc." as suggested in the Answer, but cautions the defendant regarding consistency.

[2] Plaintiff's Complaint (ECF No. 1) names "T. Nicholson, APRN" as a defendant, while his Amended Complaint (ECF No. 8) names "T. Nickelson, APRN." This defendant's filings and Answer make clear the defendant's name is "Travis Nickelson, NP." Therefore, this court will refer to defendant Nickelson as such.

However, the Court found Plaintiff "made sufficient allegations to state a claim of medical negligence against defendants Corizon, Sayeed, Harrod, Nickelson and Morris" along with other potentially viable state law claims (Order, ECF No. 10, at 16).

## II.  Appointment of Counsel

During a July 19, 2017 scheduling conference, the Court granted plaintiff's motion to appoint counsel; however, the Court noted it would appoint specific counsel at a later date (ECF No. 51). Counsel is hereby provisionally appointed for the limited purpose of briefing jurisdiction and potentially moving forward with a medical malpractice screening panel.  Appointment of counsel will be reevaluated when the screening panel has issued its recommendations, and the court has had the opportunity to review the same.

**IT IS THEREFORE ORDERED** that Anne Hull and Andrew Foulston, both of the Hutton & Hutton Law Firm, LLC and members of the bar of this Court, are appointed to represent Plaintiff in this action.  Ms. Hull and Mr. Foulston's address is 8100 E. 22nd Street North, Bldg. 1200, Wichita, Kansas 67226.  Their telephone number is 316-688-1166.  The Court also suggests that Ms. Hull and Mr. Foulston review D. Kan. Rules 83.5.3(e)(2) and (f), and 83.5.3.1 regarding the reimbursement of out-of-pocket expenses incurred by appointed counsel.

Copies of this Order shall be sent to Plaintiff and the attorneys appointed to represent Plaintiff.

## III.     Jurisdiction

Because the Court dismissed all of Plaintiff's federal claims (Order, ECF No. 10), there exists some question regarding the appropriateness of this federal court's jurisdiction over the remaining state claims.  Whether the Court should assert supplemental jurisdiction over the state claims, or whether the Court has diversity jurisdiction under 28 U.S.C. § 1332(a), is unclear.  Defendant Corizon is an out-of-state corporation, and the remaining individual defendants appear to be Kansas physicians. Although Plaintiff is currently incarcerated in the state of Kansas—which, on its face, may appear to destroy diversity—case law indicates a prisoner's domicile for purposes of the diversity statute is the domicile he had prior to incarceration.[3]  However, the record is devoid of information from which the Court may glean Plaintiff's appropriate domicile.

Because the Court may raise the issue of subject matter jurisdiction sua sponte,[4] the parties are **ORDERED** to brief the issue of this Court's proper jurisdiction over the remaining claims.  Because the party invoking jurisdiction bears the burden to establish

---

[3] *See Smith v. Cummings,* 445 F.3d 1254, 1260 (10th Cir. 2006) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991); Restatement (Second) Conflict of Laws 2d § 17 cmt. b. (1988 rev.)).  *See also*, *e.g*., *Collado v. Cancel*, No. CA 9:10-1870-MBS-RSC, 2010 WL 4038799, at *2 (D.S.C. Sept. 3, 2010), *report and recommendation adopted,* No. CA 9:10-1870-MBS, 2010 WL 4038736 (D.S.C. Oct. 14, 2010) (noting "It is well settled that incarceration does not change a prisoner's domicile for purposes of the diversity statute") (citing *Polakoff v. Henderson*, 370 F.Supp. 690, 693 (N.D. Ga. 1973); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977); *Nouse v. Nouse*, 450 F. Supp. 97, 100 (D. Md. 1978)).

[4] *See Raney v. Dist. Court of Trego Cty.*, No. 16-4108-DDC-KGS, 2016 WL 6277703, at *1 (D. Kan. Oct. 27, 2016) (quoting *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation.") (other internal quotations and citations omitted).

it,[5] Plaintiff must first file his brief regarding jurisdiction by **March 30, 2018**; Defendants must respond by **April 13, 2018**. Unless specifically requested, no replies will be permitted.

### IV. Plaintiff's (Second) Motion to Compel Screening Panel (ECF No. 41)

Plaintiff first sought a medical malpractice screening panel within days after filing this action (ECF No. 4); then later filed a formal motion seeking the same relief (ECF No. 9). His motion was denied without prejudice, with instructions to refile his motion after all defendants had responded to the Complaint (Order, ECF No. 34). Pursuant to the Court's order, Plaintiff re-filed his Motion to Compel Screening Panel soon after all responsive pleadings had been filed. Although the issue of jurisdiction is potentially dispositive, in its discretion the Court will address Plaintiff's motion on its merits. In the event this Court has proper jurisdiction over this case, the case can then move forward in as swift a manner as possible.

The two defendant physicians, Baseer A. Sayed, M.D. and Gordon Harrod, M.D., do not oppose convening a screening panel (ECF Nos. 43, 44), but object only to any stay of discovery, which will be addressed separately below. In its Response, Corizon does not address the screening panel request as it applies to defendants Travis Nickelson, NP; and Deanna Morris, LPN, but opposes it only regarding Corizon. Corizon contends the corporation itself is not a "health care provider" and is therefore not subject to the screening panel requirement (ECF No. 42). Therefore, the Court assumes defendants

---

[5] *Id*. at *3 (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (other internal citations omitted).

Nickelson and Morris do not oppose the convening of the panel. The lone opposition, then, to convening a screening panel is Corizon itself.

**Discussion**

Assuming for the sake of discussion that this Court possesses diversity jurisdiction over the remaining state claims (Order, ECF No. 10, at 16)[6], Kansas law applies. The parties do not dispute the application of Kansas law to Plaintiff's request for a screening panel.

In his Motion, Plaintiff correctly cites K.S.A. § 65-4901 *et seq.*, the "Kansas Medical Malpractice Screening Panels Act," as the basis for his request. The intended purpose of this Act is to "provide for the early resolution of many medical malpractice claims without the expense and delay of actual litigation."[7] Section 65-4901 specifically provides,

> If a petition is filed . . . claiming damages for personal injury or death on account of alleged medical malpractice of a health care provider and one of the parties to the action requests, by filing a memorandum with the court, that a medical malpractice screening panel be convened, the judge of the district court *shall convene* a medical malpractice screening panel, hereafter referred to as the "screening panel." . . . If a petition or claim is filed naming more than one defendant . . ., each defendant . . . is entitled to request a screening panel.

---

[6] Senior Judge Crow found, "Plaintiff has made sufficient allegations to state a claim of medical negligence against defendants Corizon, Sayeed, Harrod, Nickelson and Morris. It appears that the court has diversity jurisdiction under 28 U.S.C. § 1332 to hear this claim. Plaintiff's other state law claims against these defendants may be duplicative with the negligence claims, if they exist at all. But, at this point, the court does not believe it serves the purposes of time to address the possible viability of other state law claims against these defendants." (Order, ECF No. 10 at 16.)

[7] *Rodenbaugh v. Correct Care Solutions, LLC*, 08-2178-CM-GLR (D. Kan. Feb. 24, 2009) (citing *Smith v. Graham*, 282 Kan. 651, 657, 147 P.3d 859 (2006)).

K.S.A. § 65-4901(a) (emphasis added).  Kansas Supreme Court Rule 142(b)(1)(B) governs the procedure for screening panels under the statute, and defines "defendant" as a "*health care provider* or professional licensee against whom a claim has been made" (emphasis added).

In order to define the term "health care provider," the Court looks to the Kansas Health Care Provider Insurance Availability Act, K.S.A. § 40-3401(f).[8]  Section 40-3401(f) defines "health care provider" in a number of ways.  Only a few of those definitions appear applicable to this case, including:

> . . . a person licensed to practice [or who holds a temporary permit to practice] any branch of the healing arts by the state board of healing arts; . . . a medical care facility licensed by the state of Kansas; . . . a Kansas limited liability company organized for the purpose of rendering professional services by its members who are health care providers . . . and who are legally authorized to render the professional services for which the limited liability company is organized; a partnership of persons who are health care providers under this subsection; [or] a Kansas not-for-profit corporation organized for the purpose of rendering professional services by persons who are health care providers as defined by this subsection.[9]

Corizon contends it does not fit within any of the statutory definitions of a "health care provider."  It argues it is neither a professional corporation owned by physicians, nor a limited liability company with exclusively member physicians, as contemplated by K.S.A. § 40-3401(f).  Instead, it is a corporation—incorporated in Delaware with its principal place of business in Tennessee—that is party to a contract with the KDOC.  That contract requires Corizon to provide consultation, management, and operational

---

[8] *See Martindale v. Robert T. Tenny, M.D., P.A.*, 250 Kan. 621, 631, 829 P.2d 561, 568 (1992) (noting the Medical Malpractice Screening Panel Act and the Health Care Provider Insurance Availability Act are necessarily read together).
[9] K.S.A. § 40-3401(f).

7

responsibility for health services in KDOC facilities. Because the corporation itself does not provide medical services, it cannot be subject to a medical malpractice screening panel.

A prior decision in this District directly supports Corizon's arguments. In 2009, in the case of *Roadenbaugh v. Correct Care Solutions, LLC*,[10] the Court analyzed a similar argument presented by Corizon's predecessor to the KDOC contract, Correct Care Solutions LLC ("CCS"). After reviewing applicable Kansas law, Judge Rushfelt determined CCS did not meet the definition of health care provider under K.S.A. § 40-3401(f), and was therefore not subject to a medical malpractice screening panel.[11]

Despite Corizon's admitted involvement with the medical services at issue in this case, the Kansas Supreme Court has noted "a clear statement of public policy that general corporations who have unlicensed directors or shareholders are not authorized to practice the healing arts."[12] Because Corizon is not an individual licensed to provide medical services, is not owned by physicians, and does not consist of exclusively physician members, it is not a "health care provider" subject to the screening panel requirement.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Screening Panel (**ECF No. 41**) is **GRANTED in part** as to defendants Sayeed, Harrod, Nickelson, and Morris. Plaintiff's motion (**ECF No. 41**) is **DENIED in part**, as to defendant Corizon.

---

[10] *Roadenbaugh v. Correct Care Solutions, LLC*, No. 08-2178-CM-GLR, ECF No. 47 (D. Kan. Feb. 24, 2009), *upheld on reconsideration*, 2009 WL 735136, at *1 (D. Kan. Mar. 19, 2009).
[11] *Id*. at 5.
[12] *Early Detection Center, Inc. v. Wilson*, 811 P.2d 860, 864-865 (Kan. 1991).

**IT IS FURTHER ORDERED**, however, that in light of the jurisdictional issues presented above, the Court refrains from appointing a panel chair or formally convening the panel at this time. However, during the time of stay pending the Court's decision on jurisdiction, to keep this case moving forward, the parties are **ORDERED** to confer regarding potential membership of the screening panel under K.S.A. § 65-4901(b)—i.e., whether a three-person panel is sufficient; whether one potentially enlarged panel should be appointed; or whether multiple panels may be necessary, as contemplated by Kansas Supreme Court Rule 142(f).[13]

**IT IS FURTHER ORDERED** that the undersigned will hold a status conference on **Tuesday, May 1, 2018, at 11:00 a.m.** by telephone to discuss the posture of the case and potential composition of the panel, if jurisdiction appears appropriate. All participants must dial **888-363-4749** and enter Access Code **9686294** to join the conference.

### V. Plaintiff's Motion to Stay Case (ECF No. 41)

As a part of his motion to compel the screening panel, Plaintiff asks the Court to stay all proceedings until the panel has been convened and rendered its results (ECF No. 41, at 1). Defendants Corizon, Nickelson, and Morris do not address the issue of stay in their briefing, so the Court finds Plaintiff's request is unopposed by those defendants.

---

[13] Kansas Supreme Court Rule 142(f) provides, in part, "If Multiple Parties Cannot Agree on Panel. If a claim involves multiple plaintiffs or multiple defendants and the parties cannot agree on a three-member panel or enlarged panel, the judge may: (1) convene one or more screening panels; (2) select the same chairperson for all panels; and (3) suggest or require that all panels meet separately or jointly."

But defendants Sayeed and Harrod each oppose a stay of discovery pending the panel's recommendations (*see* Responses, ECF Nos. 43, 44).

Defendant Sayeed contends Kansas law does not require a stay, and in fact, because the decision of the screening panel is not binding on the parties under K.S.A. § 65-4905, this lawsuit could continue regardless of the panel's report. He argues a stay of discovery serves no purpose except to further delay the case, in contravention of Fed. R. Civ. P. 1's imperative to "secure the just, speedy and inexpensive determination of this action." In addition, due to the potentially larger size of this screening panel, it is likely to be more difficult to schedule panel meetings. Sayeed contends many screening panels take much longer than 180 days to reach a final reporting, and could take as long as more than a year. However, Sayeed provides no authority or evidence to support these latter arguments.

Defendant Harrod's arguments generally mirror those of Sayeed. Because the screening panel is allowed 180 days from the date it is convened to issue a report under K.S.A. § 65-4904(a), a screening panel report is unlikely to occur less than seven to eight months from now. He contends it would not harm or prejudice any of the parties for at least some discovery in this matter to take place simultaneously to the screening panel's review. He suggests that any necessary outstanding discovery could then be completed soon after the panel issues its recommendation.

Kansas Supreme Court Rule 142(g) specifically addresses discovery in a pending action in which a screening panel has been convened. The rule specifies the court "*may* issue an order partially or completely staying discovery pending a screening panel's

report."[14]  But a stay is not required, and although Rule 142 suggests a stay, the Court recognizes this procedural rule has been previously construed as "one to govern the procedure to be followed in the state courts of Kansas and not necessarily binding upon the procedure in federal courts."[15]  Even so, despite the lack of binding authority from the state rule, it is generally within the broad discretion of the district court to stay proceedings in order "to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[16]

Factors weighing against stay are the Court's sensitivity to the age of this case, and that this case will proceed despite the panel's recommendations, given Corizon's lack of participation in that process.  The Court also recognizes that a good portion of eventual documentary discovery will be provided to the screening panel as a part of their review under Kansas Supreme Court Rule 142(h)-(i).  This portion of the rules requires each party to provide a copy of all medical records and other documents on which the parties rely.[17]  To that end, discovery concurrent with the efforts of the panel—or, at least, written discovery—does not appear unduly prejudicial to any party.  All Defendants have previously produced their Fed. R. Civ. P. 26(a) disclosures (ECF Nos. 48-50).

---

[14] Kansas Supreme Court Rule 142(g) (emphasis added).
[15] *Roadenbaugh*, 2009 WL 735136, at *2 .
[16] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015).
[17] Kansas Supreme Court Rule 142(h),(i); *see also* K.S.A. § 65-4903 (requiring the screening panel to consider "medical records and medical care facility records, contentions of the parties, examination of x-rays, [and] test results" during their review).

However, the Court also recognizes that the overarching purpose of the screening panel is to encourage settlement and avoid the costs of litigation[18]—many of which occur during the discovery process. It is in this spirit of avoidance of costs in which the court interprets Kansas Supreme Court Rule 142(g)'s suggestion of stay as parallel to Fed. R. Civ. P. 1's imperative to minimize the costs of this litigation. Additionally, there is little use in forcing the parties to undergo discovery when the jurisdiction of this Court is unclear.

Consequently, Plaintiff's request to stay this case is **GRANTED in part**. All discovery, aside from any discovery potentially needed regarding jurisdictional issues,[19] is **stayed** pending the Court's determination of jurisdiction. At the status conference set for **Tuesday, May 1, 2018, at 11:00 a.m.**, the Court will discuss with the parties the posture of the case and the potential of moving forward with the screening panel. If this Court's jurisdiction is determined and the screening panel is appointed, with the exception of Rule 26 disclosures and the exchange of information provided to the screening panel, all other discovery in this matter will be **stayed for 90 days after the panel is appointed**. At the end of that time period, the Court will convene another status conference to discuss the progress of the screening panel and the parties' positions regarding continued stay.

---

[18] *Rodenbaugh*, 08-2178-CM-GLR (D. Kan. Feb. 24, 2009) (citing *Smith v. Graham*, 282 Kan. 651, 657, 147 P.3d 859 (2006)).

[19] If any party determines it requires discovery in order to advance its jurisdictional arguments, the parties should contact the undersigned U.S. Magistrate Judge by email to ksd_birzer_chambers@ksd.uscourts.gov, including all counsel of record, to arrange a telephone conference at the Court's earliest convenience.

However, *in the event this Court possesses jurisdiction over his claims*, Plaintiff's request to stay this case is also **DENIED in part**. From the date of formal appointment of the screening panel, Plaintiff's counsel must submit Plaintiff's Rule 26 disclosures to Defendants **within 45 days**, and all parties will submit copies of their disclosures to the chambers of the undersigned magistrate judge at ksd_birzer_chambers@ksd.uscourts.gov by the same date. Additionally, all medical records and related information potentially provided by the parties to the screening panel, under Kansas Supreme Court Rule 142(g) and (h), must be produced also to opposing counsel in the spirit of written discovery.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2018.

*[signature]*
GWYNNE E. BIRZER
United States Magistrate Judge