# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EMMANUEL SOTO-MONTES,  )
                    )
      Plaintiff,     )
                    )
v.                  )     Case No. 16-3052-JAR-GEB
                    )
CORIZON HEALTH, INC., et al.,    )
                    )
      Defendants.     )
_____)

## MEMORANDUM AND ORDER

On December 18, 2019, the Court convened a status conference and motion hearing to address the progress of the medical malpractice screening panel and Plaintiff's recent Motion to Appoint Counsel (**ECF No. 87**).  Plaintiff Emmanuel Soto-Montes appeared through counsel, Daniel K. Back.  Defendants Corizon, Inc., Travis Nickelson, NP, and Deanna Morris, LPN ("Corizon Defendants") appeared through counsel, Richard M. Acosta. Defendant Baseer A. Sayeed, M.D., appeared through counsel, Anthony M. Singer. Defendant Gordon Harrod, M.D., appeared through counsel, Sean D. Walsh.  Attorney John H. Gibson appeared as the Chair of the medical malpractice screening panels.

After careful review of Plaintiff's Motion and the Corizon Defendants' Response in Opposition to Plaintiff's Motion to Appoint Additional Counsel (ECF No. 88), Plaintiff's Motion to Appoint Counsel (**ECF No. 87**) was **DENIED** without prejudice by oral ruling at the conclusion of the hearing.  This written opinion memorializes that ruling.

# I. Background[1]

Plaintiff Emmanuel Soto-Montes is currently incarcerated at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. He filed this case claiming he received inadequate medical care at EDCF. Plaintiff made claims against six defendants: Corizon Health, Inc.,[2] the contracted medical provider for EDCF; Travis Nickelson, NP;[3] Deanna Morris, LPN; James Heimgartner, the warden of EDCF; Ray Roberts, the former Secretary of the Kansas Department of Corrections ("KDOC"); Dr. Basheer A. Sayeed; and Dr. Gordon Harrod.

The facts underlying Plaintiff's claims have been thoroughly outlined in a previous order (ECF No. 10 at 2-5) and will not be repeated. Generally, he alleges he suffered multiple bouts of severe abdominal pain from January 2015 through February 2016, which were not properly treated or diagnosed. He contends this pain stemmed from his "low back/kidney area." (Am. Compl., ECF No. 8 at 5, ¶20.)

Although the Court initially found his Complaint failed to state a claim upon which relief could be granted (Order, ECF No. 7), he was ordered to amend his pleading. His Amended Complaint contained claims for relief under: 1) 42 U.S.C. §§ 1983, 1985, and 1986; 2) K.S.A. § 65-4901 *et seq.*; 3) the Kansas Tort Claims Act; 4) the Eighth and

---

[1] Unless otherwise noted, information comes from Complaint (ECF No. 1) and Martinez Report (ECF No. 34).

[2] Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 8) name "Corizon, Inc." as a defendant. However, defendant's Answer (ECF No. 22) clarifies the proper party name is "Corizon Health, Inc." The court also notes this defendant's later Response (ECF No. 42) refers to itself as "Corizon LLC." The court will refer to this defendant as "Corizon Health, Inc." as suggested in the Answer, but cautions the defendant regarding consistency.

[3] Plaintiff's Complaint (ECF No. 1) names "T. Nicholson, APRN" as a defendant, while his Amended Complaint (ECF No. 8) names "T. Nickelson, APRN." This defendant's filings and Answer make clear the defendant's name is "Travis Nickelson, NP." Therefore, this court will refer to defendant Nickelson as such.

Fourteenth Amendments to the Constitution; 5) Article Five of the Universal Declaration of Human Rights; and 6) common law provisions protecting against medical malpractice, battery, mistreatment of a confined person, breach of fiduciary duty and breach of contract. (*See* ECF No. 8; ECF No. 10 at 1-2.) On September 2, 2016, the Court dismissed Plaintiff's federal claims and the Universal Declaration of Human Rights claims against all Defendants, and dismissed defendants Roberts and Heimgartner. However, the Court found Plaintiff "made sufficient allegations to state a claim of medical negligence against defendants Corizon, Sayeed, Harrod, Nickelson and Morris" along with other potentially viable state law claims. (Order, ECF No. 10 at 16.)

The case was briefly stayed to address the issue of jurisdiction, and counsel was appointed to Plaintiff for the limited purposes of briefing jurisdiction and moving forward with a medical malpractice screening panel. (Mem. and Order, ECF No. 53.) The issue of jurisdiction was later resolved (see Order, ECF No. 58), and this matter proceeded to two medical malpractice screening panels—one to review the defendant physicians' conduct, and one to review the defendant nurses' conduct. (Order, ECF No. 72.) The Court ordered that appointment of counsel "will be reevaluated when the screening panel has issued its recommendations, and the court has had the opportunity to review the same." (ECF No. 53 at 3.)

On November 14, 2019, Plaintiff filed the instant motion pro se, seeking counsel as described below. (ECF No. 87.) In an effort to address the pending motion and ascertain the status of the screening panel's work, the undersigned scheduled the motion for a telephone conference. (ECF No. 89.) Plaintiff was notified of the conference individually,

in addition to his appointed counsel, and informed he was invited to take part in the phone conference.

On December 17, 2019, the Court convened the conference. Plaintiff's counsel, Danny Back, reported Plaintiff was advised of the conference and the Court's invitation for him to participate. The Chair of the screening panels, John Gibson, advised the Court that all documents have been produced to the panels, and they are currently reviewing the documentation for panel meetings to occur in early January 2020.[4]

## II. Plaintiff's Motion for Appointment of Counsel (ECF No. 87)

Plaintiff now asks the Court to appoint him new or additional counsel to assist him in pursuing and filing a motion for restraining order against defendant Corizon, claiming they have continued to fail at providing him adequate medical care. (ECF No. 87 at 1.) He contends a scan of his abdomen in June 2015 showed a cyst on his liver, which Corizon has not explored since that time. He believes Corizon does not have his best interests in mind and cannot provide the attention and medical care he needs. Defendants Corizon, Nickelson, and Morris ("Corizon Defendants") opposed the appointment of counsel. (Resp., ECF No. 88.) The remaining defendants did not weigh in on the dispute.

The Corizon Defendants argued Plaintiff has not demonstrated that the merits of his potential new claim justify appointment of additional counsel. Additionally, the Corizon Defendants contend Plaintiff's lack of legal training and the nature of the factual and legal issues do not support appointment of counsel. To the extent Plaintiff seeks to add a new

---

[4] This same information was also conveyed by email from John Gibson to ksd_Birzer_chambers@ksd.uscourts.gov, dated December 16, 2019, maintained in Chambers file.

4

claim, thereby amending his Complaint under Fed. R. Civ. P. 15, Defendants contend any such motion would be futile and should not be permitted.

## A.     Legal Standard

Although a criminal defendant has a constitutional right to representation by an attorney, there is no similar constitutional right to counsel in a civil action such as this one.[5] However, for parties such as Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[6]

When evaluating whether to appoint counsel, the court considers multiple factors, including as (1) the merits of the litigant's claims, including the nature and complexity of those claims; (2) the litigant's ability to present his or her claims; (3) the litigant's financial ability to pay an attorney; and (4) the litigant's diligence in attempting to secure an attorney.[7]  The court has an obligation not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[8] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[9]  The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the

---

[5] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).

[7] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

[8] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[9] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

appointment of counsel. [10] "That counsel could assist plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[11]

## B.    Discussion

The Court is satisfied Plaintiff is unable to afford counsel, as evidenced by his motion for leave to proceed *in forma pauperis* (ECF No. 2) and the earlier Order permitting him to proceed *in forma pauperis* (Order, ECF No. 5).  Additionally, the Court does not construe Plaintiff's efforts to engage his own counsel, or lack of demonstration thereof, against his request for appointment, bearing in mind his incarceration and inability to pay.  However, after careful consideration of the remaining factors, the Court declines to appoint counsel for the following reasons.

First, Plaintiff's case does not appear unusually complex.[12]  Additionally, after thorough review of the docket and the status of the screening panel review, the Court prefers to evaluate the outcome of the screening panel before addressing any potential new claims by Plaintiff.  On review of the motion, the Court does not construe Plaintiff's request as seeking amendment, but rather only seeking counsel to potentially pursue amendment.  At this stage of the litigation, there is no need to unnecessarily complicate this case by including potential new claims or additional counsel.  And, the Court has serious concerns

---

[10] *Jones v. Maritz Research Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[11] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (citing *Brown v. Gray*, No. 06–3003–JTM, 2007 U.S. Dist. LEXIS 69925, at * 6–7 (D. Kan. 2007)); *see also Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) ("It is not enough that having counsel appointed would have assisted [him] in presenting his strongest possible case, as the same could be said in any case.")

[12] *See Phamm*, 2008 WL 631263, at *3 (citing multiple cases, noting generally, cases involving the treatment and alleged civil rights violations of incarcerated plaintiffs are "not particularly complex.") (internal citations omitted).

regarding the merit of the potential new claim or remedy Plaintiff wishes to include. The current claim, first asserted in 2016, is a claim for monetary damages as a result of alleged medical malpractice. There is no injunctive relief available to Plaintiff on his current claim due to the dismissal of the constitutional claims.[13] Any new claim arising from a 2015 medical scan is likely to have limitations issues.[14]

In the event his appointed counsel were to withdraw following the findings of the screening panel, Plaintiff has demonstrated no reason, at this time, why he would later be unable to adequately present a new claim on his own. Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate he is unable to present his claims.[15] His written motion appears well-formulated, organized, and coherent. Plaintiff has given this Court no indication of difficulty either communicating with the Court or filing desired documents on his own behalf.

Finally, Plaintiff has already been appointed counsel for the current time. Appointment of counsel is a privilege which many pro se litigants are not afforded, and this privilege has already been provided to Plaintiff on his current claim.

The Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[16] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—

---

[13] *See, e.g.*, *Arocho v. Nafziger*, 367 F. App'x 942, 944 (10th Cir. 2010) (discussing the dismissal of constitutional claims against the defendants which precluded injunctive relief against them).
[14] "Pursuant to K.S.A. 60–513(a)(7), a cause of action alleging medical negligence must be commenced within 2 years of the date of injury or the time the injury is reasonably ascertainable in order to satisfy the statute of limitations." *Mangus v. Stump*, 45 Kan. App. 2d 987, 992, 260 P.3d 1210, 1214 (2011).
[15] *Phamm*, 2008 WL 631263, at *3.
[16] *Jones*, 2014 WL 6632929, at *3.

for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[17]  Postponing a decision to appoint different counsel until after the screening panels have submitted their findings allows the Court to gain more information about both the merits of any future claims and Plaintiff's continuing ability to present his case.[18] Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to the filing of a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 87**) is **DENIED** without prejudice.  Although Plaintiff's current appointed counsel will receive a copy of this order through electronic notification, the Clerk is also directed to forward a copy of this order by U.S. mail to Plaintiff.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of December 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[17] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).
[18] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).