## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EMMANUEL SOTO-MONTES,      )
          )
      Plaintiff,        )
          )
v.          )      Case No. 16-3052-JAR-GEB
          )
CORIZON HEALTH, INC., et al.,      )
          )
      Defendants.      )
          )

## ORDER

This matter is before the Court on Plaintiff Emmanuel Soto-Montes' (Renewed) Motion to Appoint Counsel (ECF No. 113) and his Letter to the Court regarding appointment of counsel (ECF No. 114).   For the reasons set forth below, Plaintiff's motion is **DENIED without prejudice**.

## I.    Background

Plaintiff Emmanuel Soto-Montes is a Mexican national who is currently incarcerated at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. He filed this case claiming he received inadequate medical care at EDCF.  Plaintiff proceeds in forma pauperis, having been granted the ability to proceed without full payment of the filing fee soon after filing this case. (Order, ECF No. 5.)

Plaintiff made claims against six defendants: Corizon Health, Inc., the contracted medical provider for EDCF; Travis Nickelson, NP; Deanna Morris, LPN; James Heimgartner, the warden of EDCF; Ray Roberts, the former Secretary of the Kansas Department of Corrections (KDOC); and Dr. Basheer A. Sayeed; and Dr. Gordon Harrod.

Defendants Roberts and Heimgartner were later dismissed, leaving only Corizon and the physician and nurse defendants.  (*See* Order, ECF No. 10.)  Along with other allegations, Plaintiff generally claims he suffered multiple bouts of severe abdominal pain from January 2015 through February 2016, which were not properly treated or diagnosed. (*See* Second Am. Compl., ECF No. 101.)

On February 28, 2018, the undersigned U.S. Magistrate Judge provisionally appointed counsel to represent Plaintiff for the limited purpose of briefing jurisdiction and moving forward with a medical malpractice screening panel. (Mem. & Order, ECF No. 53.)  In that order, the Court appointed Anne Hull and Andrew Foulston, both of the Hutton & Hutton Law Firm, LLC to represent Plaintiff.  (*Id*.)  On January 15, 2019, in light of Mr. Foulston's departure from the law firm, the Court appointed Daniel K. Back of the same firm to co-counsel with Ms. Hull in representing Plaintiff.  (Order, ECF No. 79.)  The Court was clear the appointment of counsel would be reevaluated after the screening panel issued its recommendations and the Court had the opportunity to review the same. (ECF No. 53 at 3.)

On March 30, 2018, Plaintiff submitted jurisdictional briefing (ECF No. 56), and Chief Judge Julie A. Robinson later found the Court has diversity jurisdiction over this matter. (Order, ECF No. 58.)  The matter proceeded, and after informal discovery and activities of the panels on May 21, 2020, both malpractice screening panels filed their respective findings. (*See* Findings of Nurse Screening Panel, ECF No. 96; Findings of Physician Screening Panel, ECF No. 97; Order for Payment, ECF No. 100.)

The nurse panel found unanimously that the standard of care was met by both Nickelson and Morris on 4 of 5 contentions submitted by Plaintiff. On one contention—whether Nickelson was negligent for failing to ensure an IVP was performed after the complaint of kidney pain—two panel members found the standard of care was met, but one panel member found a deviation in the standard.  (Findings, ECF No. 96 at 4.)

The physician panel also found unanimously that the standard of care was met by both Drs. Harrod and Sayeed on 7 of 8 contentions by Plaintiff.  On one contention—whether the physicians made a Spanish interpreter available to assist in Plaintiff's care—three panel members found the standard of care was met by both Drs. Harrod and Sayeed. One panel member found the standard of care was not met.  (Findings, ECF No. 97 at 2-3.)

After a review of the docket and discussion with counsel during the May 26, 2020 status conference, the Court requested that appointed counsel confer with their client regarding whether to continue with the limited appointment.  But the Court asked that counsel assist Plaintiff in amending the operative complaint and establishing a schedule to move forward with this case. (*See* ECF No. 99.)  After further discussion with the Court during the June 29, 2020 conference, the Court found Plaintiff's appointed counsel completed their duties as contemplated in their provisional appointment.  The Court relieved them from their appointment on July 1, 2020 (ECF No. 109), and Plaintiff now proceeds pro se.

## II.    Motion for Appointment of Counsel (ECF No. 113, 114)

Plaintiff now files a renewed motion for appointment of counsel.  He notes this matter has survived the screening panel.  He contends he has limited education, no legal training, and little English comprehension.  He relies on the assistance of other inmates, which "generally entails locating an English-speaking jailhouse lawyer plus another inmate who speaks English and Spanish to interpret." (ECF No. 113 at 1.)   Plaintiff argues his situation is complicated by the fact he is held in administrative segregation, where he is "locked down 24-hours a day" and he has no access to the law library.  (*Id.* at 1-2.)   Plaintiff argues he will be unable to properly pursue this medical malpractice litigation—including interviewing expert witnesses, examining witnesses in court, and arguing the case to a jury—with his current limitations.  (*Id.*)  Plaintiff contends he will be denied his Constitutional right to access the court without appointed counsel, and if he does have appointed counsel, it will simplify the litigation.   (*Id.*)   No Defendant responded to Plaintiff's motion.

### A.    Legal Standards

Parties like Plaintiff who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[1]   The court has broad

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

discretion to determine whether to appoint counsel.[2]  But there is no constitutional right to counsel in a civil action.[3]

The Tenth Circuit Court of Appeals has recognized four factors for the court to consider when deciding whether to appoint counsel for a party: (1) the litigant's ability to afford counsel, (2) the litigant's diligence in searching for counsel, (3) the merits of the litigant's case, and (4) the litigant's capacity to prepare and present the case without the aid of counsel.[4]

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[5] but consideration of the court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[6]

### B.      Analysis

After careful consideration, this Court declines to appoint counsel to represent Plaintiff at this time.

Plaintiff does satisfy the first factor of analysis, in that he has been granted the ability to proceed in this matter in forma pauperis and given his status as both a Mexican national and an inmate, the Court finds it is unlikely Plaintiff has the financial resources

---

[2] *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).
[3] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner*, 979 F.2d at 1421 (listing factors applicable to applications under Title VII).
[5] *Castner,* 979 F.2d at 1421.
[6] *Jackson*, 2014 WL 494789, at *3.

to afford counsel.   Additionally, given Plaintiff's incarceration, the Court notes it would be difficult for him to seek counsel to represent him in this civil lawsuit; therefore, the Court finds this second factor also weighs in favor of appointed counsel.

But the Court has serious misgivings regarding the remaining two factors.  Despite Plaintiff's characterization of this matter having "survived" the screening panel, the Court finds it premature to make any assumptions regarding the merit of Plaintiff's claims.  On 11 of his 13 contentions to the screening panels, the professionals examining the facts of the case found unanimously that the medical care provided to Plaintiff met the professional standards of care.  Furthermore, even on those 2 contentions on which the panels did not agree, only one nurse member and one physician member found deviations from the standard of care. (Findings, ECF Nos. 96, 97.)

The final factor of analysis is whether Plaintiff has the capacity to prepare and present his case without the assistance of counsel.  When considering this factor, the Court looks to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.[7]   At this stage of the litigation, Plaintiff's case does not appear unusually complex, and the Tenth Circuit has found similarly in prisoner malpractice litigation matters.[8]  Although the Tenth Circuit has found special circumstances, such as a wheelchair-bound prisoner with diminished eyesight, hearing, and ability to

---

[7] *Castner*, 979 F.2d at 1422.
[8] *See Tarantola v. Cushing Mem'l Hosp.*, 525 F. App'x 836, 839 (10th Cir. 2013) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

communicate, to be an extreme case warranting appointment of counsel,[9] the barriers claimed by Plaintiff do not currently rise to this level.

As described above, Plaintiff has previously been provided appointed counsel in this matter.  However, because this case did proceed through a screening panel, this was distinguishable from the traditional litigation process.  The screening panel offered all parties and the Court a snapshot of merits of the litigation, allowed Plaintiff to move through the process with his best foot forward, and permitted Plaintiff the ability to proceed past that process with an updated Amended Complaint and full scheduling. However, the appointment of counsel to Plaintiff was for those limited purposes.

 At this point of the litigation, significant information has been exchanged by the parties through the screening panel process, of which Plaintiff should be in possession and has had the benefit of counsel's explanation of those materials. And, to date, Plaintiff's pro se filings—both before and after his prior appointment of counsel—have been articulate and well-presented.  Although he complains he has limited access to legal materials, and difficulty with language barriers, Plaintiff has prepared on his own and filed multiple court documents to date, all of which were clear and comprehensible. Although the Court is sensitive to his self-identified language challenges, Plaintiff has given this Court no indication of difficulty either communicating with the Court or filing

---

[9] *Tarantola*, 525 F. App'x at 839 (citing *McCarthy*, 753 F.2d at 839).

desired documents on his own behalf.  And, although the Court cannot "assume the role of advocate" for a pro se litigant, it will provide him some latitude in future filings.[10]

As noted above, there is no constitutional right to counsel in a civil action,[11] and the Court has an obligation not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[12] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[13]  In this matter, Plaintiff has previously been appointed counsel for a significant period of time, but that appointment was clearly limited to the screening panel process, which is now complete, and counsel did not wish to continue the appointment.  As the party seeking counsel under § 1915(e)(1), Plaintiff has the burden "to convince the court" his asserted claims have sufficient merit to warrant the appointment of counsel[14]—and here, the *second* appointment of counsel. "That counsel could assist plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[15]

---

[10] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting the Court does "make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.")

[11] *See Sandle*, 201 F. App'x at 582 (citing *Castner,* 979 F.2d at 1420 (Title VII case); *Durre,* 869 F.2d at 547 (civil case)).

[12] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[13] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

[14] *Jones v. Maritz Research Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp*., 393 F.3d 1111, 1115 (10th Cir. 2004)).

[15] *Smith v. Phamm*, No. 03-3451-SAC-KGS, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (citing *Brown v. Gray*, No. 06–3003–JTM, 2007 U.S. Dist. LEXIS 69925, at * 6–7 (D. Kan.

After thorough review of the docket, the Court does not predict at this time the eventual success of Plaintiff's claims.  But the Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[16] as the case progresses.  Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[17]  Postponing a decision to appoint additional counsel allows the Court to gain more information about both the merits of the claims and Plaintiff's continuing ability to present his case.[18]  In the event this case would progress to trial, the Court would reevaluate Plaintiff's ability to proceed pro se, based upon the necessity of counsel to present evidence and cross-examine witnesses.[19]  But at this time, Plaintiff's renewed motion for appointment of counsel is **DENIED** without prejudice to the filing of a similar motion at a later stage of the proceedings.

---

2007)); *see also Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) ("It is not enough that having counsel appointed would have assisted [him] in presenting his strongest possible case, as the same could be said in any case.")

[16] *Jones*, 2014 WL 6632929, at *3.

[17] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).

[18] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).

[19] *See McCarthy*, 753 F.2d at 839 (noting, "Appointment of counsel is favored if the evidence is to consist of conflicting testimony where it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and cross-examination") (citing *Maclin v. Freake,* 650 F.2d 885, 889 (7th Cir. 1981) (aborgated by *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005) (discarding *Maclin's* multifactor test in favor of a more straightforward inquiry: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome.")

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider his Motion for Appointment of Counsel (**ECF No. 113**) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 21st day of September, 2020.

      s/ Gwynne E. Birzer          
GWYNNE E. BIRZER
United States Magistrate Judge